## MIDLAND VALLEY RAILROAD CO. v. SNIDER.

No. 20276. Opinion Filed Dec. 6, 1932.

Rehearing Denied Jan. 7, 1933.

O. E. Swan and James D. Gibson, for plaintiff in error.

Chas. L. Yancey, Henry L. Fist, Hugh Ownby, and Joseph L. Seger, for defendant in error.

CULLISON, J. Plaintiff instituted suit against defendant, the Midland Valley Railroad Company, seeking to recover damage for certain crops alleged to have been destroyed by water as a result of defendant's negligence.

The record discloses that plaintiff owned a farm adjacent to the Arkansas river; and defendant's railroad crossed said land; that because of the manner of construction of defendant's railroad, the same caused water to be diverted onto plaintiff's land, and that a portion of the crop was destroyed by said water in 1926 and in 1927.

In this suit plaintiff seeks to recover the value of said crops so destroyed. The case was tried to a jury and resulted in a judgment favorable to plaintiff. Defendant appeals and raises numerous assignments of error, dealing with the instructions given by the trial court in the trial of said cause and instructions requested by defendant and refused by the trial court.

We have carefully considered all of said assignments of error touching upon said instructions and requested instructions, and conclude that only one of said assignments is of sufficient merit to justify consideration.

In instruction No. 20, given by the court, after defining the measure of damages, the court further instructed the jury that, "should you find for the plaintiff, your verdict cannot be in excess of $1,080, with interest at 6 per cent. per annum, from December 1, 1926, for damages to the 1926 crop, and $1,080, with interest at 6 per cent. per annum, from December 1, 1927, for damage to the 1927 crop, or a total of $2,160, found as aforesaid, with interest as aforesaid."

Defendant contends that said instruction is erroneous because it allows plaintiff to recover interest on damages when said amount is not definite and certain.

Under section 5973, C. O. S. 1921 [O. S. 1931, sec. 9960] interest may be allowed in certain actions, but the allowance thereof is in the discretion of the jury.

In the instruction under consideration, the court did not specifically instruct the jury that it was a discretionary matter with them whether or not they allowed interest in said cause if they found for plaintiff, but the impression received from said instruction is that interest should be computed if they found for plaintiff. To this extent the instruction is erroneous.

Plaintiff would be entitled to interest after the date of judgment, so that the only amount in said judgment that was erroneous would be the amount from December 1, 1926, to the date of judgment on the amount allowed for damage to the crop in 1926, and the amount of interest allowed on the amount of damages to the 1927 crop from December 1, 1927, to the date of judgment.

The judgment of the trial court is affirmed, on condition that plaintiff remit the erroneous interest as just designated above, but should plaintiff not file a remittitur of said erroneous interest within 30 days after the receipt of this mandate by the lower court, then the trial court is directed to grant defendant a new trial.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. McNEILL and KORNEGAY, JJ., concur except as to the remittitur. LESTER, C. J., absent.